1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STEPHEN GARCIA,                          No. 2:20-cv-169-JAM-EFB PS

12                     Plaintiff,

13          v.                                 ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14   OSWALDO LOPEZ,

15                     Defendant.

16

17          Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] His

18   declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2.

19   Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

20          Determining that plaintiff may proceed *in forma pauperis* does not complete the required

21   inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the

22   allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

23   which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed

24   below, plaintiff's complaint must be dismissed for failure to state a claim.

25          Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

26   520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

27   ───────────────────────────

28          [1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the
     undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

                                                1

fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

(1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of

his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

a cause of action's elements will not do. Factual allegations must be enough to raise a right to

relief above the speculative level on the assumption that all of the complaint's allegations are

true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable

legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in

question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the

pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading

requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a

complaint to include "a short and plain statement of the claim showing that the pleader is entitled

to relief, in order to give the defendant fair notice of what the claim is and the grounds upon

which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Plaintiff's complaint is filled with unintelligible and fanciful allegations that fail to state a

claim for relief. He alleges that he has a contract with the Federal Bureau of Investigation that

states he is "the new federal high judge." ECF No. 1 at 5. He also claims that he is a tax

accountant at a city hall, and that his checks were continuously stolen over an eleven-year period.

*Id*. Elsewhere, he alleges that he needs documents from the Pope of the Catholic Church because

he has been writing all of the church's literature "for zillions of centuries . . . ." *Id*. at 6.

These vague and fanciful allegations are largely incomprehensible and fail to state a claim

for relief. They re plainly frivolous under 1915(e)(2) because they lack even "an arguable basis

in law or in fact," and appear "fanciful," "fantastic," and "delusional." *Neitzke v. Williams*, 490

U.S. 319, 325, 328 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of

factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the

wholly incredible . . . .").  Accordingly, plaintiff's complaint must be dismissed without leave to amend.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile); *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").

Accordingly, it is hereby ORDERED that plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

Further, it is RECOMMENDED that plaintiff's complaint be dismissed without leave to amend, and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 19, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE